Case 2:08-cv-01204-JLL-CCC   Document 22-2   Filed 11/03/2008   Page 1 of 17

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROXANE LABORATORIES, INC. | Case No.: 2:08 cv 1204 (JLL)(CCC) <br><br> CIVIL ACTION <br><br><br> **DISCOVERY CONFIDENTIALITY ORDER** |

WHEREAS, discovery in these actions may involve the disclosure of certain documents, things and information in the possession, custody or control of a party or a non-party that constitute or contain trade secrets or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure; and

WHEREAS, good cause exists for entry of this Order, see Fed. R Civ. P. 26(c), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); and

WHEREAS, all parties in their business practices have gone to great lengths to safeguard and protect the confidentiality of the documents and information the disclosure of which would pose a substantial risk of irreparable harm to the producing party's legitimate proprietary interests; and

WHEREAS, this Discovery Confidentiality Order provides reasonable restrictions on the disclosure of such sensitive materials of a confidential nature; and

WHEREAS, all parties agree to the terms of this Discovery Confidentiality Order to protect their confidential documents and information; and

WHEREAS, to streamline the discovery process and minimize the need for Court Intervention, this Discovery Confidentiality Order adopts an "umbrella" approach that allows the producing party to designate certain materials being produced or deposition testimony as confidential. Disclosure of materials designated as "CONFIDENTIAL" is limited to specific classes of persons; and

WHEREAS, this Discovery Confidentiality Order provides for filing confidential documents with the Court under seal, if such documents need to be filed as part of motion practice or other proceedings; and

WHEREAS, this Discovery Confidentiality Order also provides that the party requesting production of the information may challenge the producing party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential; and

WHEREAS, this Order allocates to the producing party the burden of justifying the confidentiality designation and orders of this type have been approved by the United States Court of Appeals for the Third Circuit. *See Pansy*, 23 F.3d at 787 n. 17; *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987);

THEREFORE, in view of the foregoing and because the parties hereto, by and through their respective counsel, have stipulated to the entry of the following Discovery Confidentiality Order pursuant to Fed. R. Civ. P. 26(c), and the Court having reviewed the certification in support of the entry of this Order, and the Court having determined good cause exists for entry of this Order,

IT IS HEREBY STIPULATED AND ORDERED THAT:

1. This Discovery Confidentiality Order applies to any document, or portion thereof, any type of information, and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good-faith opinion of the party providing such material (the "producing party") contains any trade secret or other confidential research, development, financial, or commercial information or analysis of the producing party, or a third party if such material is within the possession, custody or control of the producing party.

2. This Discovery Confidentiality Order creates two categories of confidentiality. The two categories shall be distinguished by the use of different designations. Documents and other information in the higher category may be, and hereinafter are, referred to as "Highly Confidential -- Outside Counsel Only Information." Documents and things in this higher category shall be visibly marked with the designation "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY INFORMATION." Documents and other information in the lower category may be, and hereinafter are, referred to as "Confidential Information." Documents and things in this lower category shall be visibly marked with the designation "CONFIDENTIAL." The

term "Protected Information" shall refer to both "Highly Confidential — Outside Counsel Only Information" and "Confidential Information." The category "Highly Confidential — Outside Counsel Only Information" shall be limited to current financial information, unpublished patent applications, prosecution files pertaining to unpublished patent applications, future business or marketing plans, and potential future products and processes. Other confidential trade secret or business information may be designated "Confidential Information."

        3.      Highly Confidential -- Outside Counsel Only Information and any document, analysis or report containing such Information may be made available only to, and inspected only by, the following:

        (a)     the Court and personnel employed by the Court and court reporters and stenographers;

        (b)     Outside counsel of record for the parties in this action but limited to those attorneys and staff whose duties and responsibilities in connection with this action require access to such Protected Information;

        (c)     Independent experts who are employed to furnish expert or technical services or to give expert testimony with regard to this action. As a condition precedent to disclosure of Protected Information to any such independent expert, the expert must: acknowledge receipt and understanding of this Discovery Confidentiality Order; agree to be bound thereby; and, agree to use the Protected Information solely for this litigation, not to disclose any Protected Information to any other person, firm or concern in violation of this Discovery Confidentiality Order, and never to use any Protected

Information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so.

Each such independent expert shall execute a declaration acknowledging the foregoing, in the form annexed hereto. Counsel who retained the expert shall forward a copy of the executed declaration (along with a curriculum vitae or resume) to counsel for the producing party at least five (5) days prior to the proposed disclosure of Protected Information to such expert. If the producing party objects to the proposed disclosure within five (5) days after receipt of the notice of it, the disclosure may not be made without prior approval by the Court. The burden shall be on the objecting party to show the Court why the disclosure should not be made;

(d) Employees of litigation services retained by the parties to prepare document databases, trial exhibits and the like in this litigation;

(e) Clerical and paralegal personnel employed by outside counsel of record to assist in the prosecution or defense of this litigation;

(f) Outside document copying services, and/or document coding or computerization services.

4. Confidential Information and any analysis or report containing Confidential Information may be disclosed to (a) the persons entitled to receive Highly Confidential -- Outside Counsel Only Information and (b) the following designated in-house counsel who have responsibility for maintaining, defending or evaluating this litigation (but who do not have direct responsibility for prosecuting patent applications related to antiviral purine derivatives):

      For Plaintiffs:
- (1) Peter Waibel
- (2) Dorothy Watson
- (3) Clive Morris

      For Defendant:
- (1) Michael Morris
- (2) Sheila Denton
- (3) David Dow

The parties will cooperate to allow reasonable substitution of other individuals employed in the legal departments of their respective employers.

    5.    In the event that counsel for a party believes it necessary to disclose any Highly Confidential -- Outside Counsel Only Information to any person not specified in paragraph 3 as qualified to receive it, or to disclose any Confidential Information to any person not permitted under paragraph 4 to receive it, said counsel shall notify counsel for the producing party in writing of (a) the specific information, documents and/or testimony proposed to be disclosed and (b) the person(s) to whom such disclosure is proposed to be made.  If an agreement cannot be reached, the party desiring to disclose Protected Information shall make an appropriate motion and shall bear the burden of showing that the proposed disclosure is necessary.  In the event of such motion, this Court shall rule as to whether the proposed disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.

    6.    Protected Information may be designated as subject to this Discovery Confidentiality Order as follows:

(a) With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any Highly Confidential -- Outside Counsel Only Information or any Confidential Information appears with the appropriate legend, i.e., "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY INFORMATION" or "CONFIDENTIAL" or "CONFIDENTIAL -- UNDER CONFIDENTIALITY ORDER."

(b) In lieu of marking the original or original copy of a document which contains Protected Information prior to inspection, any such documents being produced for inspection shall be regarded as Highly Confidential -- Outside Counsel Only Information, thereby making them subject to this Order, and inspection of documents or things by either party shall be conducted only by persons eligible under paragraph 3. Copies of such documents thereafter provided shall be marked with the appropriate legend by the producing party at the time copies of the documents selected by the reviewing party are provided to the reviewing party. Production of documents and things for the purpose of inspection and copying shall not constitute a waiver in whole or in part of any confidentiality.

(c) Production sets of Confidential and Highly Confidential documents shall be maintained at the offices of outside counsel only, provided that copies of Confidential documents may be provided to designated in-house counsel as needed subject to the terms of this Confidentiality Order.

(d) Testimony or information disclosed at a deposition may be designated by a producing party as Protected Information by indicating on the record at

the deposition the specific testimony which contains Protected Information that is to be made subject to the provisions of this Order, together with the category of confidentiality. Alternatively, a producing party may designate testimony or information disclosed at a deposition as Protected Information by notifying all parties, in writing, within thirty (30) days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated Highly Confidential -- Outside Counsel Only Information or Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Whether or not designation is made at the time of a deposition, all depositions shall be treated as Highly Confidential -- Outside Counsel Only Information from the taking of the deposition until thirty (30) days after receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

    Notwithstanding the foregoing, any employee, agent, advisor, representative or person affiliated with a party who is not qualified to receive Highly Confidential -- Outside Counsel Only Information or Confidential Information may attend a deposition at which Protected Information may be disclosed. In such event, the producing party must designate the specific testimony or information containing Protected Information together with the category of confidentiality by indicating on the record at the deposition that such information is subject to the provisions of this Order. The producing party shall have the right to exclude any person not qualified to receive the Protected Information from the deposition only during the period Protected Information is disclosed or discussed.

7.  In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the Court, information contained therein may be designated as Protected Information by prominently marking such paper "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY INFORMATION" or "CONFIDENTIAL -UNDER CONFIDENTIALITY ORDER."

8.  Tangible objects may be designated as Protected Information by affixing to the object or its container a label or tag indicating the category of confidentiality. Any samples of materials produced by any party shall be considered and treated as Highly Confidential -- Outside Counsel Only Information, if such samples are produced without the above label or tag.

9.  If any party files Protected Information (including confidential portions of documents or transcripts) or any document, pleading or brief which discloses the substance or content of Protected Information in connection with any motion, other written submission, hearing or trial in this action, the filing party shall make such filing under seal and shall simultaneously file a motion to seal such Protected Information in accordance with Local Civil Rule 5.3; provided, however, that the burden of proving that such Protected Information should be sealed under Local Civil Rule 5.3 shall at all times remain on the party which designated the Protected Information as such.

10. Protected Information may be used in the course of the trial of this action, subject to such restrictions as the Court may find are reasonable to protect its confidentiality. The party using the Protected Information at trial must take all necessary

steps to ensure the Protected Information remains confidential pursuant to this Discovery Confidentiality Order.

11. A witness at a deposition or trial may be shown any document that contains or reveals Protected Information provided the document was authored by or received by the witness, or provided that the producing party consents to such disclosure. In addition, a witness may be shown any document that contains or reveals Protected Information if the witness is an officer, director, or employee who would have received it in the ordinary course of business of the producing party or held such a position during the time frame of the document.

12. A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

13. Protected Information obtained from a producing party during discovery in this action may be used and disclosed only for purposes of this action. No party or person shall make any other use of any such Protected Information, including but not limited to use for commercial or competitive purposes or use in any other proceeding, except as permitted by order of the Court or otherwise agreed upon by the parties.

14. Nothing herein shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party. Should a

dispute arise as to any specific information or materials, the burden shall be on the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the producing party.

15. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like designated as Protected Information is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, materiality, admissibility, privilege, or immunity of any such information, document or the like.

16. A party shall not be obligated to challenge the propriety of a designation as Highly Confidential -- Outside Counsel Only Information or Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any point in these proceedings with the designation made by the producing party, the parties shall make a good-faith effort to resolve the dispute on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the producing party shall have the burden of proving that its designation was appropriate.

17. The inadvertent or unintentional failure by a producing party to designate specific documents or materials as containing Protected Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

18.     The terms of this Discovery Confidentiality Order shall be applicable to any third party who produces information which is designated by such third party or a party hereto as Highly Confidential -- Outside Counsel Only Information or Confidential Information.

19.     Nothing herein shall prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

20.     The inadvertent or unintentional production of documents subject to the attorney-client privilege or work product protection shall not constitute a waiver of such privilege or protection, provided that the producing party shall notify the receiving party in writing of such inadvertent production promptly after the producing party discovers such inadvertent production. After notification is made, the receiving party shall immediately return to the producing party all copies of such inadvertently produced documents and shall immediately confirm in writing that all electronic copies have been deleted or destroyed. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product doctrine designation by promptly filing an appropriate motion with the Court, but the receiving party shall not challenge the propriety of the attorney-client privilege or work product doctrine designation on the grounds that the privilege or immunity was waived by production of the document. If no such challenge is brought, or if any such challenge is unsuccessful, no use shall be made of such documents during deposition or at trial or otherwise. Furthermore, if no such challenge is brought, or if any such challenge is unsuccessful, the

receiving party shall promptly confirm in writing that any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information have been deleted or destroyed.

21.     Within sixty (60) days after the conclusion of this action, all documents, objects, and other materials produced or designated as Highly Confidential -- Outside Counsel Only Information or Confidential Information, including extracts and summaries thereof, and all reproductions thereof, shall be returned to the producing party or shall be destroyed, at the option of the producing party, except that any such materials that contain attorney work product may be destroyed rather than returned.  If the materials are destroyed, counsel responsible for the destruction shall within seven (7) days of such destruction certify to counsel for the producing party that destruction has taken place.  Insofar as the provisions of this Discovery Confidentiality Order restrict the communication and use of information produced thereunder, such Order shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal).  Notwithstanding the preceding sentences of this paragraph, outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with exhibits marked at the deposition, trial transcripts, trial exhibits, one copy of each piece of correspondence, and documents constituting attorney work product which were internally generated based upon or which include Protected Information.

22. This Discovery Confidentiality Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the agreement of the parties, nor the designation of any information, document, or the like as Protected Information, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

23. If another court or administrative agency issues a subpoena or orders production of any Protected Information received by a party pursuant to this Discovery Confidentiality Order, the receiving party shall promptly notify the producing party of the pendency of such subpoena or order.

24. This Order shall survive the final termination of this action with respect to any Protected Information.

**[Space Intentionally Left Blank]**

25. This Order is without prejudice to the right of any party or any third party to seek modification of this Discovery Confidentiality Order upon good cause shown. This Discovery Confidentiality Order may also be modified or amended by written agreement of the parties.

IT IS SO STIPULATED:

DATED: November 1, 2008

| **MCCARTER & ENGLISH** | **LATHAM & WATKINS LLP** |
|---|---|
| /s/ Andrew J. Berry <br> Andrew J. Berry <br> Jonathan M.H. Short <br> Mark H. Anania <br> 100 Mulberry Street <br> Newark, NJ 07102 <br> Telephone: (973) 622-4444 <br> Facsimile: (973) 624-7070 <br> E-mail: aberry@mccarter.com <br> manania@mccarter.com <br> jshort@mccarter.com <br><br> *Attorneys for Plaintiffs* | /s/ Jason B. Lattimore <br> Latham & Watkins LLP <br> One Newark Center, 16th Floor <br> Newark, New Jersey 07101 <br> Phone: (973) 639-7536 <br> Fax: (973) 639-7298 <br> E-mail: jason.lattimore@lw.com <br><br> *Attorneys for Defendant* |

SO ORDERED this 5th day of November 2008.

*s/Claire C. Cecchi*
_____
Claire C. Cecchi, United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROXANE LABORATORIES, INC. | Case No.: 2:08 cv 1204 (JLL)(CCC)<br><br>CIVIL ACTION |

I, _____, declare under penalty of perjury that:

    (a)    My present residential address is _____

    (b)    My present employer is _____ and the address of my present employer is _____

    (c)    My present occupation or job description is _____

    (d)    I have received and carefully read the Discovery Confidentiality Order in the above-captioned case, and understand its provisions. I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose to anyone the contents of anything marked HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION or CONFIDENTIAL, except as permitted by paragraph 3 of the Discovery Confidentiality Order for Highly Confidential -- Outside Counsel Only Information and as permitted by paragraph 4 of the Discovery Confidentiality Order for Confidential Information. I will use the Protected Information solely for purposes relating to the above-captioned litigation. I will never use the Protected Information, directly or

indirectly, in competition with the disclosing party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Discovery Confidentiality Order.

   (e) At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, and any other materials containing or reflecting Protected Information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

   (f) I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Discovery Confidentiality Order, and I further understand that if I violate the provisions of this Discovery Confidentiality Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

   I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

           _____
           Signature       Date